1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7  ALAN T. SWEET and MICHELLE SWEET,

8                    Plaintiffs,                    NO.  C05-1463JLR

9          v.                                       ORDER

10  NORTHWEST TRUSTEE SERVICES;
    SHANNON BLOOD; EMC MORTGAGE
11  CORPORATION; FIRST AMERICAN
    TITLE COMPANY; WASHINGTON
12  MUTUAL BANK,

13
14                   Defendants.

15

16                          **I.   INTRODUCTION**

17          This matter comes before the court on Plaintiffs' Motion to Remand to Skagit County

18  Superior Court (Dkt. # 6).  Having reviewed the motion together with all documents filed in

19  support thereof, the court DENIES Plaintiffs' motion to remand without prejudice and directs

20  Plaintiffs to file their amended complaint with this court.

21                          **II.   BACKGROUND**

22          This action stems from a quiet title action.  Plaintiffs filed their claim in Skagit County

23  Superior Court on August 4, 2005 against Northwest Trustee Services, Shannon Blood, EMC

24  Mortgage Corporation, First American Title Company, and Washington Mutual Bank.  In

25
26  ORDER - 1

1  their original complaint, Plaintiffs alleged claims arising under state law as well as under the

2  federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Federal Reserve Board

3  Regulations C, Z, and AA, 12 C.F.R. §§ 203, 266, and 227, respectively.  (Dkt. # 1, Exh. A).

4  On August 24, 2005, Defendants[1] filed a notice of removal with this court, alleging that

5  removal is proper based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

6      Plaintiffs now seek an order remanding the case to Skagit County Superior Court.

7  Plaintiffs argue that this court lacks removal jurisdiction based on a federal question.  In

8  doing so, Plaintiffs cite their intention to amend their complaint and voluntarily dismiss all

9  federal claims. (Dkt. # 6).  Plaintiffs indeed filed an amended complaint on September 9,

10  2004 that drops the federal claims, but did so in Skagit County Superior Court.

## III.   ANALYSIS

12      Whether a federal district court has removal jurisdiction based on a federal question is

13  determined from the original complaint as it exists at the time of removal.  Libhart v. Santa

14  Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).  Indeed, a post-removal amendment

15  of the complaint to remove federal claims does not *necessarily* defeat a federal court's subject

16  matter jurisdiction.  See Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.,

17  159 F.3d 1209, 1213 (9th Cir. 1998).  Continuing to exercise jurisdiction, however, when

18  federal claims are dropped in the early stages of the lawsuit may be an abuse of discretion.

19  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) (noting that values of judicial

20  economy, convenience, fairness, and comity may dictate that a federal court decline

---

22  [1]All defendants in a state action must join in the notice of removal. Parrino v. FHP, Inc.U, 146 F.3d 699, 703 (9th Cir. 1998).  When fewer than all defendants have joined the notice of removal, the burden is on the removing defendants to explain the absence of the other defendants - absent such explanation, removal notice is facially deficient. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999).  Here, Defendants EMC Mortgage Corporation and Washington Mutual Bank do not appear to have joined the Notice of Removal.  The removing Defendants should submit to the court information regarding this potential defect within (7) days of the date of this order.

26  ORDER - 2

1  jurisdiction where federal-law claims have dropped out of the lawsuit in its early stages); see

2  also Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) (same).

3       Here, Defendants' notice of removal correctly cites several federal causes of action

4  contained in Plaintiffs' original complaint.  (Dkt. # 1).  Although Plaintiffs state their

5  intention to file an amended complaint and drop the federal claims, they have yet to do so *in*

6  *this court*.  Accordingly, the court denies Plaintiffs' motion to remand without prejudice and

7  directs Plaintiffs to properly submit its amended complaint to this court within ten days of the

8  date of this order.

9  **IV.   CONCLUSION**

10       For the foregoing reasons, the court DENIES Plaintiffs' motion to remand without

11  prejudice (Dkt. # 6).

12       Dated this 14th day of September, 2005.

13

14  

15                    JAMES L. ROBART
                  United States District Judge

16

17

18

19

20

21

22

23

24

25

26  ORDER - 3