UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN T. SWEET and MICHELLE SWEET,<br><br>  Plaintiffs,<br><br>  v.<br><br>NORTHWEST TRUSTEE SERVICES, et al.<br><br>  Defendants. | NO. C05-1463JLR<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on Defendants' motion to strike Plaintiffs' amended complaint. (Dkt. # 12). Having reviewed the motion, the court DENIES Defendants' motion to strike. On its own motion, the court REMANDS this action to Skagit County Superior Court.

## II.  BACKGROUND

This action stems from a quiet title action. Plaintiffs filed their claim in Skagit County Superior Court on August 4, 2005 against Northwest Trustee Services ("Northwest Trustee"), Shannon Blood ("Blood"), EMC Mortgage Corporation ("EMC Mortgage"), First American Title Company ("First American"), and Washington Mutual Bank ("WAMU"). In their original complaint, Plaintiffs alleged claims arising under state law as well as under the

ORDER - 1

1 federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Federal Reserve Board
2 Regulations C, Z, and AA, 12 C.F.R. §§ 203, 266, and 227, respectively. (Dkt. # 1, Exh. A).
3 On August 24, 2005, Northwest Trustee and Blood filed a notice of removal with this court,
4 alleging that removal is proper based on federal question jurisdiction under 28 U.S.C. §§
5 1331 and 1441. Shortly thereafter, Northwest Trustee and Blood filed a motion to dismiss
6 under Fed. R. Civ. P. 12(b)(6). (Dkt. # 2). EMC Mortgage likewise filed a motion to
7 dismiss. (Dkt. # 9).

8 Plaintiffs sought an order remanding the case to Skagit County Superior Court. (Dkt. #
9 6). Plaintiffs argued that this court lacked removal jurisdiction based on a federal question.
10 In doing so, Plaintiffs cited their intention to amend their complaint and voluntarily dismiss
11 all federal claims. This court denied Plaintiffs' motion without prejudice and instructed
12 Plaintiffs to file an amended complaint with this court. (Dkt. # 8). Plaintiffs complied and
13 filed an amended complaint that drops the federal claims. (Dkt. # 11). Defendants Northwest
14 Trustee, Blood, and WAMU now move to strike this amended complaint for failure to comply
15 with Fed. R. Civ. P. 15(a) ("Rule 15(a)").

16
## III.   ANALYSIS
17
**A.   Plaintiffs' Amended Complaint**
18
19 Under Rule 15(a), each party has a right to amend its pleadings once as a matter of
20 course, so long as it occurs prior to any responsive pleading. If a responsive pleading has
21 been filed, parties must obtain leave of court or consent of the adverse party. Motions to
22 dismiss under Fed. R. Civ. P. 12(b)(6) are *not* "responsive pleadings" for the purposes of Rule
23 15(a); therefore, a defendant's filing of a 12(b)(6) motion does not bar a plaintiff from
24 thereafter amending the complaint as a matter of right. Crum v. Circus Circus Enterprises,
25 231 F.3d 1129, 1130 fn. 3 (9th Cir. 2000).

26 ORDER - 2

1   Here, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not constitute
2   a responsive pleading such that Plaintiffs would be barred from filing an amended complaint.
3   Moreover, this court specially directed Plaintiffs to file an amended complaint. (Dkt. # 8)
4   ("[T]he court . . . directs Plaintiffs to properly submit its amended complaint to this court
5   within ten days . . ."). Thus, even if Defendants had filed a responsive pleading (which they
6   have not), the court's directive to Plaintiff surely amounts to "leave of [the] court" under Rule
7   15(a). Plaintiffs' filing of an amended complaint is proper and Defendants' motion to strike
8   is denied.

9   **B.   Jurisdiction Over Plaintiffs' State-Law Claims**

10   Even if subject matter jurisdiction exists at the time of removal, it may be an abuse of
11   discretion for a district court to continue exercising jurisdiction over pendant state-law claims
12   where all federal claims have dropped out of the lawsuit in its early stages. Carnegie-Mellon
13   Univ. v. Cohill, 484 U.S. 343, 349 (1988). A federal court, then, has discretion to remand
14   remaining state-law claims to state court in order to best accommodate values of economy,
15   convenience, fairness, and comity. Id. at 351-2; see also Harrell v. 20th Century Ins. Co., 934
16   F.2d 203, 205 (9th Cir. 1991) (discussing district court's discretion to remand state-law
17   claims).

18   In this action, the interests of judicial economy, convenience, fairness, and comity
19   weigh heavily in favor of remanding the case to state court. Plaintiffs have filed an amended
20   complaint in which they allege causes of action arising solely under state law. This court has
21   yet to consider or adjudicate any of Plaintiffs' claims on the merits. Accordingly, the court
22   remands the case in its entirety to Skagit County Superior Court, where the action originated.

26   ORDER - 3

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' Motion to Strike (Dkt. # 12) and REMANDS the case to Skagit County Superior Court.

Dated this 27th day of September, 2005.

JAMES L. ROBART
United States District Judge

ORDER - 4